IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

JESSICA FONSECA, individually on behalf
of all others similarly situated,

                Plaintiff,

                *vs.*                Case No. 1:19-cv-00374

ENHANCED RECOVERY COMPANY,
LLC, d/b/a ERC,

                Defendant.

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT**

      This action is brought by Plaintiff, JESSICA FONSECA ("FONSECA"), individually and on behalf of all others similarly situated, against Defendant, ENHANCED RECOVERY COMPANY, LLC, d/b/a ERC ("ERC"), based on the following:

### I. PRELIMINARY STATEMENT

      1.      FONSECA brings this action individually and on behalf of all others similarly situated for the illegal practices of Defendant when attempting to collect an alleged debt from her in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p.

      2.      Such practices include attempting to collect consumer debts by engaging in conduct prohibited by, or failing to engage in conduct required by, the FDCPA.

      3.      The FDCPA regulates the behavior of "debt collectors" (including collection agencies, collection attorneys, debt buyers) when attempting to collect a consumer debt. Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a). The

Page **1** of **10**

Case 1:19-cv-00374-WCG   Filed 03/13/19   Page 1 of 10   Document 1

FDCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

4. The FDCPA, at 15 U.S.C. § 1692c, prohibits when and with whom a debt collector may communicate when attempting to collect a debt and, at 15 U.S.C. § 1692b, limits communications with third parties to the collection of "location information."

5. When collecting or attempting to collect a debt, the FDCPA bars a debt collector's use of: (a) harassing, oppresive, and abusive conduct; (b) false, deceptive, or misleading means or representations; and (c) unfair or unconscionable means. 15 U.S.C. §§ 1692d, 1692e, and 1692f. Each of those Sections contain a list of specific *per se* violations but they are nonexclusive and do not limit the general application of each Section's broad prohibitions.

6. When the collection process starts, the FDCPA requires a debt collector to provide a consumer with basic debt information and the consumer's right to debt-verification. 15 U.S.C. § 1692g.

7. When the collection process escalates to litigation, the FDCPA prohibits lawsuit from being commenced in a distant venue. 15 U.S.C. § 1692i.

8. The FDCPA is a strict-liability statute, which provides for actual or statutory damages upon the showing of one violation, regardless of any actual damages. *McMahon v. LVNV Funding, LLC*, 807 F.3d 872, 876 (7th Cir. 2015).

9. A single violation is sufficient to establish liability. *Nielsen v. Dickerson*, 307 F.3d 623, 640 (7th Cir. 2002).

Page **2** of **10**
Case 1:19-cv-00374-WCG   Filed 03/13/19   Page 2 of 10   Document 1

10. A debt collector's conduct violates the FDCPA when viewed from the perspective of an "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). "The unsophisticated consumer is uninformed, naive, and trusting, but possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence, and is capable of making basic logical deductions and inferences." *Williams v. OSI Educ. Servs., Inc*, 505 F.3d 675, 678 (7th Cir. 2007) (internal editing notations and quotation marks omitted).

11. When a debt collector fails to comply with the FDCPA "with respect to any person," it "is liable to such person in an amount equal to the sum of" "any actual damage sustained," "additional" or statutory damages, costs, and reasonable attorneys' fees. Statutory damages are limited: a plaintiff may recover no more than $1,000, and the class may recover up to $500,000 or 1% of the debt collector's net worth, whichever it less.

12. FONSECA seeks, both individually and on behalf of all others similarly situated, such relief as is allowed under FDCPA including, without limitation, statutory damages, attorney fees, and costs.

## II. PARTIES

13. FONSECA is a natural person.

14. At all times relevant to this lawsuit, FONSECA was a citizen of, and resided in, the City of Appleton, Outagamie County, Wisconsin.

15. ERC is a limited liability corporation formed under the laws of the State of Deleware.

16. FONSECA is informed and believe, and on that basis alleges, that ERC maintains its principal business address at 8014 Bayberry Road, City of Jacksonville, Duval County, Florida.

### III. JURISDICTION & VENUE

17. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1337.

18. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to FONSECA's claims occurred within this federal judicial district.

### IV. FACTS RELATING TO PLAINTIFF

19. ERC regularly engages in the collection of defaulted consumer debts.

20. ERC regularly engages in the collection of defaulted consumer debts owed to others.

21. ERC is a business the principal purpose of which is the collection of defaulted consumer debts.

22. In attempting to collect debts, ERC uses the mail, telephone, internet, and other instruments of interstate commerce.

23. ERC mailed or caused to be mailed a letter dated March 17, 2018 (the "Letter") to FONSECA.

24. A true and correct copy of the Letter is attached as *Exhibit A*, except that the undersigned counsel has partially redacted the Letter.

25. The Letter alleged FONSECA had incurred and defaulted on a financial obligation (the "Debt") owed to AT&T DirecTV ("AT&T").

26. On information and belief, the Debt was incurred for telecommunication services.

27. The alleged Debt arose out of one or more transactions in which the money, property, insurance, or services that were the subject of the transactions were primarily for personal, family, or household purposes.

28. The Letter was ERC's first written communication to FONSECA attempting to collect the Debt.

29. On information and belief, sometime prior to March 17, 2018, the creditor of the Debt either directly or through intermediate transactions assigned, placed, or transferred the debt to ERC for collection.

30. Above the salutation, the Letter stated:

| Balance Due as of 3/17/2018: | $575.53 |
| Original Balance: | $575.53 |
| Interest Accrued: | $0.00 |
| Non-Interest Charges & Fees: | $0.00 |
| Payments: | $0.00 |

31. On information and belief, on or before March 17, 2018, AT&T had charged-off FONSECA's acount.

32. On information and belief, on or before March 17, 2018, AT&T had ceased adding interest, large charges, or other charges to FONSECA's account.

33. On information and belief, AT&T does not intend to add, and as a matter of practice does not add, interest or other charges to the balance of its charged-off accounts.

34. Once the Debt was charged-off, its balance remained static and unchanging.

35. Once the Debt was charged-off, AT&T did not add interest or other charges to the account.

36. The Letter falsely implied to the unsophisticated consumer that interest and other charges could accrue on the charged-off Debt.

37. Such false implication arises from the totality of the Letter including, but not limited to: (A) itemizing the amount of interest accrued, (B) itemizing the amount of "Non-interest Charges and Fees" and, (C) describing the amount owed as the "Balance Due *as of 3/17/2018*" (emphasis added).

38. The Letter is materially false, deceptive, and misleading to an unsophisticated consumer "[b]ecause these consumers must often make difficult decisions about how to use scarce financial resources, it is plausible that the fear of 'late charges and other charges' might influence these consumers' choices." *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 368 (7th Cir. 2018).

39. A rational person with limited financial resources would, based on the Letter, choose to pay the Debt over an otherwise identical debt which accurately implied the balance remained static.

40. ERC's use of a form letter like the Letter—which falsely implies the Debt could increase—competitively disadvantages debt collectors who collect static debts without obscuring the fact those debts' balances are static.

41. The Letter does not clearly and unambiguously state the amount of the Debt.

42. The Letter deprived FONSECA of truthful, non-misleading, information in connection with ERC' attempt to collect a debt.

43. On information and belief, the Letter was created by merging information specific to a debt and consumer with a template to create what is commonly called a "form letter."

44. Consequently, on information and belief, ERC caused the same form collection letter to be mailed to others who, like FONSECA, reside in Wisconsin.

## V. CLASS ALLEGATIONS

45. Defendant's conduct toward Plaintiff is consistent with its policies and practices when attempting to collect debts from consumers generally. Consequently, this action is brought by Plaintiff individually and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

46. Plaintiff seeks to certify a class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

47. *Class Definition.* The Class consists of: All natural persons to whom Defendant mailed a written communication in the form of *Exhibit A* to an address in the State of Wisconsin which begins on March 8, 2018 and ends on March 29, 2019.

48. The identities of the Class members are readily ascertainable from the business records of Defendant and those entities on whose behalf Defendant attempted to collect debts.

49. *Class Claims.* The Class claims include all claims each Class member may have for a violation of the FDCPA arising from Defendant having mailed a written communication in the form of *Exhibit A* to such Class member.

50. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

51. *Numerosity.* On information and belief, the Class is so numerous that joinder of all members would be impractical and includes at least 40 members.

52. *Common Questions Predominate.* Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members because such questions and issues concern the same conduct by Defendant with respect to each Class member.

53. *Typicality.* Plaintiff's claims are typical of Class because those claims arise from a common course of conduct engaged in by Defendant.

54. *Adequacy.* Plaintiff will fairly and adequately protect the interests of the Class members because she has no interests that are adverse to the interests of the Class members. Moreover, Plaintiff is committed to vigorously litigating this matter and retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither FONSECA nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

55. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to the Class members predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

56. Based on discovery and further investigation (including, but not limited to, disclosure by Defendant of class size and net worth), Plaintiff may, in addition to moving for class certification using modified Class definitions, Class claims, or Class periods, seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

## VI. CAUSE OF ACTION AGAINST ALL DEFENDANT FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

57. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

58. ERC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

59. The Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

60. FONSECA is a "consumer" as defined by 15 U.S.C. § 1692a(3).

61. *Exhibit A* is a "communication" as defined by 15 U.S.C. § 1692a(2).

62. The use and mailing of *Exhibit A* by ERC in an attempt to collect the Debt violated the FDCPA. Such violation includes, but is not limited to:

    (a)    Using a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e;

    (b)    Failing to provide a written notice containing the information required under 15 U.S.C. § 1692g(a) either with the initial communication or within five days after the initial communication;

## VII. PRAYER FOR RELIEF

63. WHEREFORE, Plaintiff, JESSICA FONSECA, on her own behalf and on behalf of all others similarly situated, demands judgment Defendant, ERC, as follows:

    (a)    An Order certifying this action as a class action pursuant to Rule 23(c)(1)(A) of the Federal Rules of Civil Procedure including, but not limited to, defining the Class and the Class claims, issues, or defenses, and appointing the undersigned counsel as class counsel pursuant to Rule 23(g);

    (b)    An award of statutory damages for Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(2);

    (c)    An award to Plaintiff for services on behalf of the Class as determined in the discretion of the Court;

    (d)    Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3);

(e) An award of actual damages to Plaintiff and the Class to the extent to which the recovery of reasonable attorneys' fees and costs cause a negative tax consequence to Plaintiff and/or the Class; and

(f) For such other and firther relied as may be just and proper.

## VIII. JURY DEMAND

64. Trial by jury is demanded on all issues so triable.

Dated: March 13, 2019

*s/Francis R. Greene*
*Francis R. Greene*
Francis R. Greene (WI Bar # 1115577)
Philip D. Stern (NJ Bar # 045921984)
Andrew T. Thomasson (NJ Bar # 048362011)
*Attorneys for Plaintiff, Jessica Fonseca*
STERN•THOMASSON LLP
3010 South Appleton Road
Menasha, Wisconsin 54952
Telephone (973) 379-7500
E-mail: Philip@SternThomasson.com
E-mail: Andrew@SternThomasson.com
E-mail: Francis@SternThomasson.com